UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. RETA, AN9420,<br>Petitioner,<br>v.<br>ROSEMARY NDOH, Warden,<br>Respondent. | Case No. 19-cv-03140-CRB  (PR)<br>**ORDER GRANTING MOTION TO DISMISS PETITION AS UNTIMELY AND DENYING CERTIFICATE OF APPEALABILITY**<br>(ECF No. 18) |

I.

Petitioner, a California state prisoner incarcerated at Avenal State Prison, seeks a writ of habeas corpus under 28 U.S.C. § 2254 invalidating a 2013 conviction and sentence from San Mateo County Superior Court. On January 6, 2020, the court observed that the petition appeared procedurally defective and ordered respondent to move to dismiss the petition or inform the court that a motion to dismiss is unwarranted. Respondent filed a motion to dismiss the petition as untimely and claims one through three as procedurally defaulted. Petitioner did not file a response to the motion to dismiss despite being advised to do so.

II.

On January 24, 2013, a jury found petitioner guilty of several counts of lewd acts on a child under the age of 14 and one count of forcible oral copulation. On March 29, 2013, the superior court sentenced petitioner to a total term of 60 years to life in state prison. Petitioner appealed.

On February 4, 2014, the California Court of Appeal affirmed the judgment of the superior court after examining the entire record and finding no arguable issues for appeal. Petitioner did not seek review from the California Supreme Court.

On September 12, 2018, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court.[1] On February 13, 2019, the state high court denied the petition with a citation to In re Robbins, 18 Cal. 4th 770, 780 (1998), along with a parenthetical noting that "courts will not entertain in habeas corpus claims that are untimely."

On May 29, 2019, petitioner filed the instant federal petition for a writ of habeas corpus under 28 U.S.C. § 2254.

III.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became law on April 24, 1996 and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2).

A state prisoner with a conviction finalized after April 24, 1996, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. See Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). Here, because petitioner did not seek review of the California Court of Appeal's

---

[1] For purposes of this motion, the court will assume that the date on which petitioner signed a petition is the same date on which petitioner delivered the petition to prison officials for mailing to the court, which under the law of the circuit, is the date on which the petition is deemed filed for purposes of calculating the timeliness of a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254. See Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000).

1  decision of February 4, 2014, his process of direct review came to an end 40 days later, on March
2  17, 2014, when the time for seeking review of the court of appeal's decision expired. See Waldrip
3  v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (if no petition for review is filed in California Supreme
4  Court, criminal judgment becomes final 40 days after California Court of Appeal's decision
5  affirming judgment). Petitioner therefore had until March 17, 2015 to file a federal habeas
6  petition within the one-year limitation period. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th
7  Cir. 2001) (calculating AEDPA's one-year limitation period according to Federal Rule of Civil
8  Procedure 6(a)). But the instant federal petition was not filed until May 29, 2019. It is untimely
9  unless the limitation period was tolled for a substantial period of time.

10  AEDPA's one-year limitation period is tolled under § 2244(d)(2) for the "time during
11  which a properly filed application for State post-conviction or other collateral review with respect
12  to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2)). But unfortunately for
13  petitioner, he filed no petition for state post-conviction or collateral review to toll the one-year
14  limitation period under § 2244(d)(2) before the limitation period expired on March 17, 2015. His
15  September 12, 2018 state petition for a writ of habeas corpus cannot revive the expired limitation
16  period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does
17  not permit the reinitiation of the limitations period that has ended before the state petition was
18  filed."). Section 2244(d)(2) "can only serve to pause a clock that has not yet fully run. Once the
19  limitations period is expired, collateral petitions can no longer serve to avoid a statute of
20  limitations." Rashid v. Khulmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

21  Petitioner is not entitled to equitable tolling either. The Supreme Court has made clear that
22  a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights
23  diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely
24  filing. Holland v. Florida, 560 U.S. 631, 649 (2010). Petitioner has made no such showing. Nor
25  has he made a showing of actual innocence compelling that "his otherwise time-barred claims [be]
26  heard on the merits." Lee v. Lampert, 653 F.3d 929, 932 (9th Cir. 2011) (en banc).

27  /
28  /

IV.

For the foregoing reasons, respondent's motion to dismiss the petition as untimely (ECF No. 18) is GRANTED.[2]

And pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED**.

Dated: October 16, 2020

_____
CHARLES R. BREYER
United States District Judge

---

[2] The court need not address respondent's additional argument that claims one through three are also procedurally defaulted.

4